IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. ELLIS, # 01899-025,     )
       )
     Plaintiff,    )
       )
   vs.     )    Case No. 15-cv-504-NJR
       )
ZELDA BELL    )
and USA,     )
       )
     Defendants.   )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is a federal prisoner, currently incarcerated at the USP-Leavenworth, Kansas. His claims arose while he was confined at the FCI-Greenville, Illinois ("Greenville"). He brings this *pro se* action for alleged violations of his constitutional rights by a person acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The complaint also includes Federal Tort Claims against the United States. *See* 28 U.S.C. § 2671 *et seq.* This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

According to his complaint, Plaintiff suffers from physical ailments that led to him being declared handicapped by prison authorities, and he is confined to a wheelchair. An inmate orderly was assigned to him to assist him in moving about the prison compound in June and July 2012 (Doc. 1, p. 3). Plaintiff was housed in Unit 1-A, which was not handicapped-accessible. The other side of his housing unit (1-B), however, was equipped with handicapped-accessible showers, phones, cells, and ramps.

Plaintiff made numerous requests to his counselor, Defendant Bell, to transfer him to the

fully accessible "B" side, noting that as of June 25, 2012, another official (Harold Gillian) had assigned Plaintiff there.  Defendant Bell refused, however, to transfer Plaintiff.  She told him that she did not want to be bothered with cell-change requests from "white boys" such as Plaintiff (Doc. 1, p. 4).

On or about July 7, 2012, Plaintiff walked with great difficulty to the non-handicapped-accessible shower in Unit 1-A.  While showering, he slipped and fell, and because there was nothing he could hold onto to catch or steady himself, he landed on his shoulder and fractured his arm (Doc. 1, p. 4).  The break required surgery to place screws and a plate to hold the bone in place.

In order to cover up her refusal to place Plaintiff in the handicap-equipped housing area, Defendant Bell falsely reported that Plaintiff was injured in a fight.  As a result, Plaintiff was placed in isolation for "several weeks," during which he was not given adequate medication to control his pain (Doc. 10, p. 2).

On July 31, 2012, the fracture was surgically repaired (Doc. 10, pp. 16-18).  In his exhibits, however, Plaintiff states that once it was determined that surgery was needed, prison officials delayed the procedure for 13 days (Doc. 10, p. 2).  Further, the surgeon determined in a follow-up visit that the fracture still had not healed as of October 31, 2012.  Prison officials delayed additional follow-up care recommended at that time, until August 2013.  Plaintiff continues to suffer from permanent injuries and limitations as a result of this injury.

Following his injury, Plaintiff sought to submit administrative remedy requests through the prison's grievance system, in preparation for filing suit.  But Defendant Bell frustrated these efforts by denying him forms, refusing to respond to his administrative remedy request, and losing or destroying documents.  Finally, to retaliate against Plaintiff for pursuing his legal

claim, Defendant Bell transferred him to a prison in California, hundreds of miles away from his family (Doc. 1, p. 5).

Plaintiff asserts five claims against Defendant Bell, including deliberate indifference, failure to protect, equal protection, retaliation, and denial of access to the courts (Doc. 1, p. 6-8). He enumerates three claims under the Federal Tort Claims Act ("FTCA"), for negligence, inadequate medical care for his injury, and failure to follow policies of the Federal Bureau of Prisons ("BOP") (Doc. 1, pp. 8-9). He seeks compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

For ease of reference, the Court shall adopt Plaintiff's designation of his claims into Counts 1 through 8. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment claim against Defendant Bell, for deliberate indifference to his need for a transfer to a housing unit equipped with safety and accessibility features for wheelchair-bound inmates;

> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Bell, for failing to protect him from the risk of falling;

> **Count 3:** Fifth Amendment equal protection claim against Defendant Bell, for denying Plaintiff a transfer to a handicap-accessible housing unit on account of his race;

> **Count 4:** First Amendment retaliation claim against Defendant Bell, for placing Plaintiff in isolation and transferring him to a distant prison after he filed grievances against her;

> **Count 5:** Fifth Amendment due process claim against Defendant Bell, for

attempting to deny Plaintiff access to the courts by interfering with his efforts to exhaust his administrative remedies;

**Count 6:**   Claim against the United States under the FTCA, for negligence in failing to place Plaintiff in a handicap-equipped housing unit;

**Count 7:**   Claim against the United States under the FTCA, for failing to provide timely and adequate medical care for Plaintiff's arm injury;

**Count 8:**   Claim against the United States under the FTCA for negligence in failing to follow BOP Program Statements and policies regarding health services, correctional procedures, unit control, and administrative remedies.

Plaintiff's claims in Counts 1, 2, 3, and 5 shall proceed for further review.  The claims in Counts 4 and 6 do not survive scrutiny under § 1915A and shall be dismissed from the action.

## Counts 1 and 2 – Deliberate Indifference

Although Plaintiff pleaded his Eighth Amendment claims in Counts 1 and 2 as separate matters, they rest on the same factual allegations and shall be considered together.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities" such as food, medical care, sanitation, or physical safety, creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  In Plaintiff's case, he alleges that he faced extreme risks to his physical safety in his housing unit due to the lack of handicap-accessibility features such as grab bars in the showers.

The second requirement is a subjective element, establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions.  *Farmer*, 511 U.S. at 837, 842.  In other words, the defendant must be aware of facts from which the inference could be drawn that a substantial risk exists, and he also must

draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  In order to prevail on a deliberate indifference claim, the plaintiff must show that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.  It is well-settled that mere negligence is not enough.  *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Here, Plaintiff has alleged that he notified Defendant Bell that he had been approved for transfer to the housing unit where his disability-related safety needs could be accommodated and that he informed her of the risks he faced in the non-accessible unit.  Knowing that Plaintiff was at risk of harm, however, Defendant Bell refused to transfer him to the handicap-accessible unit.  At this stage, Plaintiff may proceed against Defendant Bell on **Counts 1 and 2**.

## <u>Count 3 – Equal Protection</u>

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest.  *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  In a *Bivens* action, the same is true for federal officials who discriminate on the basis of race.  *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (a *Bivens* action is the federal equivalent of a § 1983 civil rights action).  To state an equal protection claim, a plaintiff must establish that a state or federal actor has purposely treated him differently than persons of a different race.  *Id.*

In this case, Plaintiff has alleged that Defendant Bell intentionally refused to honor his housing reassignment to the handicap-accessible unit, because of his race.  At this stage of the litigation, he may also proceed with his equal protection claim in **Count 3**.

**Count 4 – Retaliation**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

According to Plaintiff, when Defendant Bell learned that he was pursuing an administrative complaint against her in preparation for a lawsuit over her refusal to place him in the handicap-accessible housing unit, she retaliated against him by lying about the cause of his injury, having him placed in isolation, and ultimately transferring him to another prison far distant from his family members.

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future and whether the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stages of this case; thus Plaintiff may proceed with this claim as well.

**Dismissal of Count 5 – Access to Courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to *Bivens* or 42 U.S.C. § 1983.

Plaintiff alleges that Defendant Bell intentionally tried to prevent him from completing the administrative remedy process so that he would be unable to maintain a lawsuit. Even if this is true, however, he has no independent civil rights claim unless Defendant Bell's actions resulted in a real or potential limitation on his access to the courts. Actual or threatened detriment is an essential element of a constitutional claim for denial of access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). No such detriment is apparent here. Plaintiff has filed this lawsuit in what appears to be a timely manner, and he states that he was successful in completing the administrative remedy process despite Defendant Bell's efforts to the contrary. As such, he did not suffer any detriment to his ability to pursue the instant suit. **Count 5** shall be dismissed without prejudice.

**Count 6 – Federal Tort Claim – Handicap-Accessible Housing & Inadequate Medical Care**

The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963). However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a).

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

Plaintiff indicates that he has submitted his FTCA claim to the Bureau of Prisons, and that the claim has been denied (Doc. 1, p. 2).  Taking this assertion as true, Plaintiff has complied with the exhaustion requirement.

Plaintiff's FTCA claim under Count 6 asserts that federal employees at Greenville had the duty to house him in an area that was equipped to accommodate his disability-related needs, in order to protect him from the danger that he would injure himself in the absence of those accommodations (Doc. 1, p. 8).  As a result of the failure to transfer him to the handicap-accessible housing unit, Plaintiff was injured.

At this early stage, Plaintiff has sufficiently pleaded a negligence claim in **Count 6** under the FTCA that may proceed for further consideration.

## Count 7 – Federal Tort Claim – Inadequate Medical Care

Plaintiff's second FTCA claim concerns the medical care rendered after he sustained the broken arm in July 2012.  As with Count 6, he states that he has exhausted his administrative remedies with reference to this claim.  He asserts that Greenville officials did not provide him with adequate pain relief, delayed treatment for the fracture, and provided inadequate care particularly for the period following his surgery.  Because of these failures, Plaintiff has sustained permanent physical damage.  Under the FTCA, this claim for medical negligence and/or malpractice is subject to the requirements of the state law where the claim arose.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is

reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. §5/2-622(b).  Failure to file the required certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

Plaintiff has submitted his affidavit, stating that he had been unable to obtain his full medical records from Greenville before filing suit, but including several documents indicating that he was in need of additional care and that he had suffered permanent injuries (Doc. 1-1).  He further states that he is attempting to find an expert to provide a report in compliance with § 5/2-622.

At this stage, Plaintiff's statement of claim and affidavit are sufficient for him to proceed with his FTCA claim in **Count 7**.  This medical claim may be subject to dismissal, however, if he is unable to obtain the required report.

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

**Dismissal of Count 8 – Federal Tort Claim – Failure to Follow Prison Policies**

This final claim is based on Plaintiff's assertion that Greenville officials owed him a duty to follow several BOP program statements governing health services, correctional procedures, unit control, and the administrative remedy process.  Had they complied with these program statements, he claims that he would not have been injured.  These program statements, however, do not support a distinct claim actionable under the FTCA.

The FTCA, as discussed above under Count 6, allows an individual to bring suit for damages caused by the negligent acts of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant[.]"  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  A private person has no duty to comply with federal regulations such as the BOP program statements referenced by Plaintiff, thus the failure to follow these rules does not give rise to an FTCA claim.

The claim Plaintiff labeled as Count 8 is based on the same events that gave rise to Counts 6 and 7, both of which assert negligence on the part of federal officials.  It is possible that the alleged non-compliance with BOP policies may be relevant to the adjudication of either of these negligence claims, however, Plaintiff cannot maintain a distinct FTCA claim based on this non-compliance.  The claim in **Count 8** shall therefore be dismissed with prejudice.

**Pending Motion**

The motion for service of process at government expense (Doc. 3) is **GRANTED**; service shall be ordered below.

**Disposition**

**COUNT 5** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 8** is **DISMISSED** with prejudice for failure to state a claim

upon which relief may be granted.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on **DEFENDANT BELL**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve **DEFENDANT BELL** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

The Clerk of Court is further **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the **UNITED STATES**; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant Bell (or upon defense counsel once an appearance is entered), and on the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 28, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**